**HOWARD HALL CO., Inc., v. UNITED STATES et al.**

Civil Action No. 5663.

District Court, N. D. Alabama, S. D.

Aug. 31, 1945.

Judgment Affirmed May 6, 1946.

See 66 S.Ct. 1007.

---

Wrape & Hernly, of Memphis, Tenn., for complainant.

Daniel W. Knowlton and Allen Crenshaw, Interstate Commerce Commission, both of Washington, D. C., for Interstate Commerce Commission.

David O. Mathews, Sp. Asst. to Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala., for the United States.

Before McCORD, Circuit Judge, and MULLINS and KENNAMER, District Judges.

PER CURIAM.

The above action came on to be heard before a regularly constituted statutory court, in and for this district, all parties being represented by counsel, and having been submitted upon the pleadings and arguments of counsel, and the records of the Interstate Commerce Commission having been offered and received before the Court, and the Court, having considered the matters thereby presented, enters the following as its findings of fact:

1. Plaintiff, within the time prescribed by statute, filed application for a certificate, under provisions of Section 206(a) of the Interstate Commerce Act, 49 U.S.C.A. § 306(a) seeking authority to continue operations as a motor carrier by motor vehicle within a territory comprising some sixteen states, and after hearings and the issuance of Interstate Commerce Commission report and order, the matters were subject to an action in this court, Civil Action 5215, this court entered its opinion and decree on April 17, 1941, 38 F.Supp. 556, dismissing the complaint; whereupon, plaintiff appealed to the Supreme Court of the United States and that Court, under opinion entered March 2, 1942, 315 U.S. 495, 62 S.Ct. 732, 86 L.Ed. 986, reversed the decree of this Court and ordered the proceedings remanded to the Interstate Commerce Commission for reconsideration and entering of basic or essential findings as required by the Supreme Court opinion as to commodity limitations imposed by the said Commission order, and at the same time upholding as valid the decree of this Court sustaining validity of the Commission's order in respect to territorial limitations; and, thereafter, this Court, by order entered April

23, 1942, under the Supreme Court mandate, set aside and enjoined the said Commission order, and remanded the proceedings therein for reconsideration not inconsistent with the Supreme Court opinion; and, thereafter, the said Commission reopened the proceedings and referred the same for further hearings, after which Division 5 of said Commission entered its report and order of November 22, 1944, and plaintiff's petition for reconsideration thereof was denied by the Commission, at a general session, on May 1, 1945; whereupon plaintiff, on June 30, 1945, filed the action herein seeking to set aside and enjoin the said order of November 22, 1944.

2. The said Commission order finds as a fact that plaintiff was, on June 1, 1935, and continuously since, in bona fide operation as a common carrier by motor vehicle, of general commodities, with certain exceptions not here concerned, between Montgomery, Alabama, and points in Alabama within sixty-five miles of Birmingham, Alabama, including Birmingham, on the one hand, and on the other hand points in Georgia, Mississippi, North Carolina, South Carolina, New Orleans, Gretna, and Destrahan, Louisiana, New York, N. Y., Winchester and Suffolk, Va., Wheeling, West Virginia, and points in Florida north of highways from Clearwater to Tampa to Kissimmee to Melbourne to the Atlantic Seaboard and to points on and East of U. S. Highway No. 27 in Tennessee, and in other respects denied Plaintiff's application.

3. The Commission records are before the Court and provide substantial evidence to support the basic findings of the said Commission.

4. The Court hereby and by reference adopts the said Commission report of November 22, 1944, as a part of its findings of fact herein.

### Conclusions of Law

1. The only question presented by the action herein is as to whether or not the said Commission order of November 22, 1944, is valid and lawful, insofar as it denied, in part, the application of plaintiff and that in respect only to the denial of territory claimed in said application.

2. The Commission decision involves a decision of the question of fact as to the bona fide operation of plaintiff on and since June 1, 1935, and where there is substantial evidence supporting such decision, the courts will not disturb the order

3. The said Commission order is supported by substantial evidence.

4. Sufficient findings were entered by the Commission to support its said order.

5. The order herein is within the statutory authority of the Interstate Commerce Commission.

6. The Commission order of November 22, 1944, is valid and lawful in all respects.

7. The complaint herein should be dismissed, at cost of plaintiff.